# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>RUFFY ALVAREZ,<br><br>    Defendant. | Case No. 3:19-cr-00103-SLG |

## ORDER REGARDING MOTIONS IN LIMINE (PRIOR CONVICTION)

Before the Court are two related motions *in limine*. At Docket 130 is defendant Ruffy Alvarez's Motion in Limine. There is one remaining issue raised by that motion, the admissibility of Mr. Alvarez's prior drug trafficking conviction. The government responded in opposition at Docket 144. At Docket 143 is the government's Motion in Limine to Introduce Defendant's Prior Drug Trafficking Conduct and Conviction. Mr. Alvarez responded in opposition at Docket 147.

Both motions relate to Mr. Alvarez's 2001 federal conviction for Conspiracy in Relation to Drug Trafficking in violation of 21 U.S.C. § 846. The government seeks to introduce evidence of the crime and conviction if the jury will be instructed on entrapment "to show that the defendant had the predisposition to commit the crime of distribution of methamphetamine *prior* to law enforcement involvement in

this case."[1]  The government asserts that Mr. Alvarez's prior conviction is admissible pursuant to Rule 404(b) as a prior bad act, pursuant to Rule 405(b) as a character trait of the defendant, and pursuant to Rule 403 because its probative value is not substantially outweighed by a danger of unfair prejudice.[2]  Mr. Alvarez acknowledges that "arguing entrapment opens the door to evidence of other bad-acts but such evidence is still subject to the Court's balancing test" pursuant to Rule 403.[3]  He contends that the remoteness and dissimilarity of the prior conviction make it immaterial to this case and that the admission of this evidence would be unfairly prejudicial.[4]  Mr. Alvarez also asserts that his conviction is inadmissible pursuant to Rule 609 because it is more than 10 years old and its probative value does not substantially outweigh its prejudicial effect.[5]

To introduce evidence pursuant to Rule 404(b), "[t]he Government carries the burden to prove that the proposed evidence satisfies four requirements:  (1) the evidence tends to prove a material point (materiality); (2) the other act is not too remote in time (recency); (3) the evidence is sufficient to support a finding that

---

[1] Docket 143 at 2 (emphasis in original).

[2] Docket 143 at 4–6.

[3] Docket 147 at 1.

[4] Docket 147 at 3.

[5] Docket 130 at 4.

defendant committed the other act (sufficiency); and (4) [where knowledge and intent are at issue], the act is similar to the offense charged (similarity)."[6]

The Court can determine that the government has met the first three requirements. The proposed evidence tends to prove the material point of Mr. Alvarez's knowledge and intent to distribute a controlled substance, and, if entrapment is raised, his predisposition to do so. The prior conviction is from 2001; the alleged conduct in this case stems from 2016. Accordingly, the other act is not too remote in time.[7] Mr. Alvarez's conviction for the prior conduct is sufficient to show that he committed the act.[8]

As to the fourth requirement, the Court has reviewed the presentence report from Mr. Alvarez's 2001 conviction, but without knowing what evidence will actually be presented to jury regarding the current charge, on the current record the Court does not have sufficient familiarity with the government's intended case-in-chief to determine whether the "similarity" requirement is met. However, if Mr. Alvarez's cross-examination of government witnesses or any evidence he elects to present supports giving an entrapment jury instruction, then the Court intends to allow the

---

[6] *United States v. Charley*, __ F.3d __, 2021 WL 2386368, at *8 (9th Cir. June 11, 2021) (quoting *United States v. Berckmann*, 971 F.3d 999, 1002 (9th Cir. 2020)); *see also United States v. Hanson*, 936 F.3d 876, 882 (9th Cir. 2019).

[7] *See United States v. Vo*, 413 F.3d 1010, (9th Cir. 2005) (holding that a 13-year old conviction was not too remote in time to be admissible pursuant to Rule 404(b)).

[8] *United States v. Arambula-Ruiz*, 987 F.2d 599, 603 (9th Cir. 1993) ("[T]he fact that Arambula was convicted of the prior drug offense is sufficient proof that the defendant committed the prior act.").

government to introduce evidence of his prior drug conviction pursuant to Rule 404(b) and/or Rule 405.[9] The 10-year limitation set forth in Rule 609 does not affect the admissibility of evidence pursuant to Rule 404.[10] Finally, the probative value of the evidence of the prior conviction, assuming it is sufficiently similar to the instant charged conduct, is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, waste of time, or the presentation of cumulative evidence.[11]

In light of the foregoing, IT IS ORDERED that request number 1 in the motion at Docket 130 is GRANTED without prejudice to the government re-raising the issue at trial outside the presence of the jury. IT IS FURTHERED ORDERED that the motion at Docket 143 is DENIED without prejudice to the government re-raising the issue at trial outside the presence of the jury. There shall be no reference to the jury of the prior conviction unless and until the Court otherwise orders.

DATED this 21st day of June, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[9] *See United States v. Thomas*, 134 F.3d 975, 980 (9th Cir. 1998) (holding that prior drug use was admissible pursuant to Rule 405 when the defendant raised an entrapment defense, because "[t]he term 'predisposition' embraces the defendant's 'character' as well as his immediate intentions.") (internal quotation omitted).

[10] *See United States v. Prigge*, 830 F.3d 1094, 1096 n.3 (9th Cir. 2016) (noting that "[t]he onerous standards for admission under Rule 609(b) do not apply to convictions admitted for a non-character purpose under Rule 404(b).").

[11] Fed. R. Evid. 403.